IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL V. LONG, ID # 1001354, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:05-CV-0564-B |
| ) | |
| DOUGLAS DRETKE, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Statement of the Case:** On August 15, 2000, petitioner was convicted in Cause No. 27,380 of manufacturing methamphetamine. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On April 28, 2004, the court of appeals affirmed his conviction. *See Long v. State*, 137 S.W.3d 726, 729 (Tex. App. – Waco 2004, pet. ref'd). Petitioner raised six claims on direct appeal: (1) trial court error in denying motion to suppress; (2) trial court error in denying a motion to disclose the identity of a confidential informant; (3) defective indictment and factually insufficient evidence to show proper

chronology of enhancement convictions; (4) trial court error in denying him the opportunity to obtain counsel of his choice; (5) ineffective assistance of counsel in eight respects; and (6) legal insufficiency of the evidence. *Id.* at 729-37. On October 6, 2004, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Pet. at 3.) On October 20, 2004, that court denied a motion for rehearing on the petition for discretionary review. (*Id.* at 4.)

On October 21, 2004, petitioner filed a state application for writ of habeas corpus to challenge his conviction for manufacturing methamphetamine. (*Id.*) Petitioner raised sixteen separate claims in that state writ. (*Id.*) On February 16, 2005, the Texas Court of Criminal Appeals dismissed that state writ because petitioner's direct appeal was still pending when he filed the state writ.[1] *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Event.asp?EventID =2188124 (accessed August 3, 2005) (showing reasons for dismissal). On March 10, 2005, that court indicated that it would not entertain petitioner's motion for rehearing regarding that dismissal. (Pet. at 5.)

Petitioner filed the instant petition on March 17, 2005, when he signed and placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He asserts nineteen separate claims. (*See* Pet. at 10-19.) A claim of perjury by the arresting officer (Claim 18) is presented for the first time in his federal petition. (*Id.* at 20.)

---

[1] The court of appeals did not issue its mandate until December 6, 2004. *See* Texas Judiciary Online, http://www.10thcoa.courts.state.tx.us/opinions/case.asp?FilingID=4255 (accessed August 3, 2005) (showing date of mandate). Under Texas law, the Texas Court of Criminal Appeals lacks jurisdiction to consider a state application for writ of habeas corpus until the petitioner's appeal becomes final on the date the appellate court issues its mandate. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam).

2

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented all of his claims to the Texas Court of Criminal Appeals. Although he presented some claims to that court in his petition for discretionary review, he raised several other claims in his state writ, which was dismissed without consideration of the merits. He also raises one claim for the first time in this federal action. The instant petition is thus a "mixed-petition" in that it contains both exhausted and unexhausted claims.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted

3

claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Because petitioner has not fairly presented all of his claims to the Texas Court of Criminal Appeals, that court has had no opportunity to review each of the claims raised in this action. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies. As a mixed-petition, the entire petition must be dismissed for the failure to exhaust the perjury claim.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice[2] for failure to exhaust state court remedies.

---

[2] Without prejudice means that this dismissal of itself will not prevent consideration of a later federal petition for writ of habeas corpus. Such dismissal, however, does not prevent application of the statute of limitations or other procedural barriers to consideration of a later petition on the merits. In fact, petitioner is specifically admonished that the pendency of the instant action has not tolled the applicable period of limitations for filing a federal petition for writ of habeas corpus. *See Duncan v. Walker*, 533 U.S.167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition). Furthermore, while the Supreme Court has suggested that "equitable considerations may make it appropriate for federal courts" to toll the "statute of limitations for unexhausted federal habeas petitions", *id.* at 183-84 (Stevens, J., concurring ), it is very difficult to obtain equitable tolling of a limitations period.

**SIGNED** this 3rd day of August, 2005.

                                                    _____
                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                    _____
                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE